IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CRAYTONIA BADGER**                                                                                **PETITIONER**
**ADC #162710**

VS.                               NO. 4:22-CV-00024-JM-ERE

**DEXTER PAYNE, Director, ADC**                                                       **RESPONDENT**

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

**I.      SUMMARY**

Before the Court is a "Motion for an [Evidentiary] Hearing on 2254 Motion" (*Doc. 2*), filed by Craytonia Badger, an inmate at the East Arkansas Regional Unit of the Arkansas Division of Correction ("ADC"). The Clerk filed the motion as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 *Id*. After careful consideration, and for reasons that follow, the Court recommends that the motion be denied, and this case be summarily dismissed for lack of subject matter jurisdiction.

1

## II.   DISCUSSION

In support of his motion for an evidentiary hearing, Mr. Badger states that on December 2, 2021, he filed "a § 2254 motion to vacate or set aside his conviction and sentence." *Doc. 2, at 1*. He contends that his "motion for relief pursuant to 2254" asserts seven grounds for relief, and an evidentiary hearing will "give him the ability to present Columbia County Sheriff Deputies who would otherwise not write an affidavit admitting they denied the public access to Petitioner's trial." *Doc. 2 at 3*. Contrary to Mr. Badger's report, he has not filed a 28 U.S.C. § 2254 petition in the Eastern District of Arkansas, which is *currently* pending.

Along with his motion for an evidentiary hearing, Mr. Badger submitted a letter stating that he recently mailed a "Writ of Habeas Corpus 2241 along with a $5.00 check," but he has not received a response or proof of filing. *Doc. 2, at 5*. His letter requests that the Clerk file his motion for an evidentiary hearing in the case involving his 28 U.S.C. § 2241 petition. *Id*. Again, there is no such case pending in this District, and the Court has no record of Mr. Badger's recently mailed § 2241 petition.

Previously, Mr. Badger filed two petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] and one petition pursuant to 28 U.S.C. § 2254[2] in this District. The record in those *closed* cases document that from 2015 to 2018, Mr. Badger received multiple state and federal convictions and sentences.[3] Presently, he is serving a sixty-year sentence imposed by the Columbia County Circuit Court in Magnolia, Arkansas, based on 2018 convictions for third-degree escape, first-degree criminal mischief, and breaking or entering. See *Badger v. State*, 2019 Ark. App.

---

[1] See *Badger v. Bureau of Prisons*, No. 2:20-CV-217-BSM-BD; *Badger v. Bureau of Prisons*, No. 2-19-CV-00140-DPM-JTK. In both cases, Mr. Badger, in state custody, claimed that the BOP failed to credit his federal sentence, which he had yet to serve, for time spent in state custody. Both petitions were dismissed without prejudice because Mr. Barger was not in federal custody.See *Badger v. Bureau of Prisons*, No. 2:20-CV-217-BSM-BD, ECF 2, 2020 WL 7778946, at *1 (E.D. Ark. Dec. 3, 2020), *report and recommendation adopted by,* No. 2:20-CV-00217-BSM, ECF No. 4, 2020 WL 7770922 (E.D. Ark. Dec. 30, 2020); *Badger v. Bureau of Prisons*, No. 2-19-CV-00140-DPM-JTK, ECF No. 9, 2020 WL 1873604, at *2 (E.D. Ark. Mar. 5, 2020), *report and recommendation adopted as modified by,* No. 2:19-CV-140-DPM, ECF No. 10, 2020 WL 1873560 (E.D. Ark. Apr. 14, 2020).

[2] *Badger v. Payne*, No. 2:19-CV-00089-DPM-JJV. In this case, Mr. Badger challenged his state custody on the ground that the ADC refused to run his state sentence concurrently with other sentences he had yet to serve, including a federal sentence imposed by the Northern District of Mississippi. Finding that Mr. Barger failed to demonstrate that his custody violated the United States Constitution or federal law, Chief Judge D.P Marshal Jr. dismissed his petition with prejudice. *Badger v. Payne*, No. 2-19-CV-00089-DPM-JJV, ECF No. 16, 2020 WL 1042239, at *1 (E.D. Ark. Jan. 27, 2020), *report and recommendation adopted by,* No. 2:19-CV-89-DPM, ECF No. 19, 2020 WL 1046785 (E.D. Ark. Mar. 3, 2020).

[3] Mr. Badger's criminal history is outlined in detail in a recommendation issued by United States Magistrate Judge Jerome T. Kearney and adopted by Chief Judge D.P. Marshall Jr. in a previously dismissed § 2241 habeas case. *Badger v. Bureau of Prisons*, No. 2-19-CV-00140-DPM, ECF No. 9, 2020 WL 1873604, at *2 (E.D. Ark. Mar. 5, 2020), *report and recommendation adopted as modified by,* No. 2:19-CV-140-DPM, ECF No. 10, 2020 WL 1873560 (E.D. Ark. Apr. 14, 2020).

490, 1, 588 S.W.3d 779, 781 (2019). In March 2016, Mr. Badger pleaded guilty to a single count of a federal indictment filed in the Northern District of Mississippi, and the district court sentenced him to a 63-month prison term in the Bureau of Prisons, to run consecutively to the sixty-year sentence he is currently serving in the ADC. *Badger v. United States*, No. 1:16CR14-SA, 2020 WL 1190454, at *1 (N.D. Miss. Mar. 12, 2020).

To the extent that Mr. Badger intended to submit his motion for an evidentiary hearing in conjunction with a petition under 28 U.S.C. § 2241, the Court lacks jurisdiction to entertain the petition. "This is because [Mr. Badger] is a 'person in custody pursuant to the judgment of a State court,' and can only obtain habeas relief through § 2254, no matter how his pleadings are styled." *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (quoting 28 U.S.C. § 2254(a) and citing *Felker v. Turpin,* 518 U.S. 651, 662 (1996)).

Similarly, if Mr. Badger intended to submit his motion in connection with a petition under 28 U.S.C. § 2254, the Court still lacks jurisdiction to entertain the petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). On July 25, 2019, Mr. Badger filed a 28 U.S.C. § 2254 Petition challenging his current state custody, and on March 2, 2020, Chief Judge Marshall

dismissed the Petition, with prejudice. *Badger v. Payne*, No. 2-19-CV-00089-DPM-JJV, ECF No. 16, 2020 WL 1042239, at *1 (E.D. Ark. Jan. 27, 2020), *report and recommendation adopted by*, No. 2:19-CV-89-DPM, ECF No. 19, 2020 WL 1046785 (E.D. Ark. Mar. 3, 2020). Because Mr. Badger has not obtained authorization from the Eighth Circuit Court of Appeals to file a second petition, the Court lacks jurisdiction to entertain another § 2254 petition.

### III.   CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED for lack of jurisdiction.

2. The pending motions (*Docs 1, 3)* be DENIED as MOOT.

3. No certificate of appealability be issued.

DATED this 26th day of January, 2022.

_____
UNITED STATES DISTRICT JUDGE