IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CRAYTONIA BADGER**
**ADC #162710**                                                                                                   **PLAINTIFF**

VS.                                              4:22cv00024 JM

**DEXTER PAYNE**                                                                                   **DEFENDANT**

## ORDER

For this Court to grant a certificate of appealability, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c) (2); *Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997). A "substantial showing" is one in which a petitioner demonstrates that his "issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (discussing necessary showing under previous law dealing with certificates of probable cause).

On January 14, 2022, Mr. Badger filed a "Motion for An Evidential Hearing On 2254 Motion" (the "Motion"). In the Motion (Dkt. No. 2), Mr. Badger requested a hearing on a Section 2254 petition which he alleged he had filed on December 2, 2021. Because Mr. Badger included the grounds for his previously filed petition, the Clerk's Office docketed the Motion as a new Section 2254 petition. In an attached letter (Dkt. No. 2 at p. 5), Mr. Badger told the Clerk of the Court that he had recently mailed a "Writ of Habeas Corpus 2241 along with a $5.00 check" to the Court. Mr. Badger stated that he had not received a proof of filing and asked the Clerk to review the records to make sure the writ had been filed. He asked that the Motion be filed in that case. As Judge Ervin pointed out in her Recommended Disposition of the Motion (Dkt. No. 4), there was no Section 2254 or Section 2241 petition filed by Mr. Badger on or

around December 2, 2021 in this Court.

In her Recommendation, Judge Ervin explained that Mr. Badger had previously filed three petitions for habeas corpus (2:19CV89, 2:19CV140, 2:20CV217) which were closed on March 3, 2020, April 14, 2020, and December 30, 2020, respectively. Out of an abundance of caution, Judge Ervin went on to explain to Mr. Badger that any attempt to file a motion for a hearing in a Section 2241 case or a Section 2254 case would be futile. Specifically, Judge Ervin explained that this Court lacked jurisdiction to entertain a 2254 petition because Mr. Badger had previously filed a 2254 petition, and he had not obtained authorization from the Eighth Circuit Court of Appeals to file a second petition.

In hindsight, the Court should have directed the Clerk to change the entry of Docket Number 2 from Petition for Writ of Habeas Corpus to Motion for Evidentiary Hearing. On February 11, 2022, Mr. Badger filed a Motion to Withdraw Pleadings stating that he had not been afforded an opportunity to withdraw his Motion before the Court had recharacterized it as a 2254 petition. As stated, the Court had not recharacterized the Motion. The Court denied the motion to withdraw and adopted the Recommended Disposition dismissing the Motion on February 15, 2022.

Mr. Badger appealed to the Eighth Circuit and his appeal was denied for failure to pay the filing fee. Mr. Badger filed another motion in this Court for relief from judgment pursuant to Rule 60(b) which was also denied. Mr. Badger again filed a notice of appeal to the Eighth Circuit with no accompanying filing fee or in forma pauperis petition. The Eighth Circuit remanded the case to this Court for a determination of whether a certificate of appealability should be issued.

The Court finds that Mr. Badger has failed to make a substantial showing of the denial of a constitutional right. His Motion was not recharacterized by the Court as a Section 2254 petition

but merely docketed inaccurately. A certificate of appealability should not issue. The Clerk is directed to redesignate the case and correct the docket as follows:

Docket No. 2 should be titled Motion for Evidentiary Hearing;

Docket No. 7 should be corrected to state that the Order dismissed the Motion not the § 2254 motion (all other docket entries should remain the same);

Docket No. 8 should be corrected to state that the Motion not the § 2254 petition is dismissed.

IT IS SO ORDERED this 11th day of September, 2025.

_____
James M. Moody Jr.
United States District Judge